## UNIVERSAL CARLOADING & DISTRIBUTING CO. OF TEXAS v. DREYFUSS & SON.

### No. 1123.

Court of Civil Appeals of Texas. Waco.
Jan. 14, 1932.

Rehearing Denied Feb. 18, 1932.

McNees & Roberts of Dallas, for appellant.

P. G. Peurifoy, John C. Read, and R. J. Dixon, all of Dallas, for appellee.

BARCUS, J.

Appellee instituted this suit against appellant and the United States Freight Company, a corporation, with its domicile in New York. Appellee alleged it purchased from L. Greif & Bros., in Maryland, seventy-nine suits of clothing; that same were packed in one box and delivered to the named defendants for transportation to it at Dallas, Tex.; that when the box of clothing was delivered there was a shortage of thirty-seven suits of a total value of $794.50. It alleged the named defendants were common carriers, and that the goods were lost in transit as a result of their negligence.

The appellant answered, denying that it was a common carrier or that it agreed or contracted to ship the merchandise from Baltimore, Md., to Dallas, and especially denied that said shipment was in its possession or control for transportation purposes. When the cause was called for trial appellee dismissed same as against the United States Freight Company. A trial was had to the court and resulted in judgment being entered for appellee against appellant for $794.50.

Appellant, by various assignments and propositions, contends that the evidence is insufficient to support the judgment of the trial court in that there is no evidence showing that the clothing alleged to have been lost was delivered by L. Greif & Bros., to appellant for transportation, and because there

is no evidence showing that appellant made any contract with appellee to deliver said merchandise to it at Dallas, Tex. We sustain these propositions. The only testimony relative to the clothing being shipped was given by Roscoe Evans, the shipping clerk of L. Greif & Bros. He testified he delivered the box of clothing to the Universal Carloading & Distributing Company of Maryland and received the following receipt or bill of lading: "Received from L. Greif & Bros., Inc., for delivery to carrier for transportation to Dreyfuss & Son, Dallas, Texas, (subject to terms and conditions of uniform bill of lading) the following described property: 1 case clothing, No. 8473, weight 294 pounds."

The record shows that the box of clothing reached Galveston, Tex., via boat; that it with a large amount of other merchandise was loaded in a car and transported to Dallas over the Southern Pacific Railway, the entire carload being consigned to appellant. When the car reached Dallas a drayman employed by appellant delivered the box of clothing to appellee. No bill of lading was offered in evidence. No one testified that the Universal Carloading & Distributing Company of Maryland, or any one else delivered said box of clothing to appellant for transportation to appellee at Dallas, or that any uniform bill of lading was at any time issued for said clothing to be so transported. While appellee alleged that L. Greif & Bros. delivered the box of clothing to appellant in Baltimore, Md., to be by it transported to Dallas, it offered no evidence in support of said allegation. The only connection appellant was shown to have had with the box of clothing was that after it arrived at Galveston via boat appellant there assembled it with a large number of other shipments and placed it in a car and shipped same via rail consigned to appellant at Dallas, and when it arrived at Dallas appellant had same delivered to appellee.

The judgment of the trial court is reversed, and the cause remanded.